## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY J. DONATO, | |
| Petitioner, | Civil No. 13-3367 (MJD/JJG) |
| v. | |
| DENESE WILSON, Warden, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

This case is before the Court on Petitioner's application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Petitioner is a federal prisoner who is currently confined at the Federal Correctional Institution in Sandstone, Minnesota. He commenced this action on December 9, 2013, by filing a habeas corpus petition under 28 U.S.C. § 2241, and an application seeking leave to proceed in forma pauperis, ("IFP"). It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging only the conditions of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the Court determined that Petitioner's current claims for relief could not be brought in a habeas corpus petition. On December 17, 2013, the Court entered an order, (Docket No. 6), which informed Petitioner that if he intended to continue to prosecute this action, he would have to (a) file an entirely new pleading styled as a civil

complaint, and (b) pay an initial partial filing fee in the amount of $51.13.[1]  Petitioner was ordered to file a new and proper pleading, and pay his initial partial filing fee, by no later than January 17, 2014, failing which the Court would recommend that this action be dismissed.

Petitioner subsequently filed a motion asking the Court to "alter or amend" the order that required him to file a new pleading and pay his initial partial filing fee.  (Docket No. 7.)  That motion was denied, but the deadline for complying with Court's prior order was extended to February 28, 2014.  (Order dated February 10, 2014, [Docket No. 9].)  Petitioner still did not comply with the Court's prior order, but instead filed an objection to the order.  (Docket No. 11.)  That objection was overruled by the presiding District Court Judge, and the order requiring Petitioner to replead and pay his initial partial filing fee was upheld.  (Order dated April 30, 2014, [Docket No. 15].)

It has now been nearly five months since Petitioner was first ordered to file a new pleading and pay his initial partial filing fee, and to date, Petitioner has given no indication that he intends to comply with that directive.  Therefore, it is now recommended, in accordance with the Court's prior orders, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31

---

[1] Because Petitioner is a prisoner, he cannot be granted IFP status for a non-habeas civil action, unless he pays an initial partial filing fee.  See 28 U.S.C. § 1915(b)(1).

(1962) (recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be dismissed, the Court will further recommend that Petitioner's pending IFP application be denied as moot.

Finally, the Court notes that Petitioner has filed a three-sentence motion asking that this case be stayed and held in abeyance indefinitely, based on his unsubstantiated assertion that he might be transferred to another federal prison at some undisclosed time in the future. The Court recommends that Petitioner's "Motion for Stay and Abeyance," (Docket No. 14), be denied.

As previously noted, Petitioner has now had many months to comply with the order to file a new pleading and pay the statutorily required initial partial filing fee, but he has never suggested that he actually intends to comply with that order. Even in the "Motion for Stay and Abeyance," Petitioner does not suggest that he will promptly comply with the Court's prior orders if his motion is granted.

The Court can find no good reason to allow the present action to continue. If this action is dismissed without prejudice, as the Court is recommending, Petitioner will be able to commence a new action when he is prepared to (a) present his claims in a proper pleading, and (b) pay his initial partial filing fee. If Petitioner is transferred to another prison in another district before he commences such a new action, he still should be able to litigate, no less effectively, from his new prison abode. Furthermore, the primary relief that Petitioner is seeking in this action is a transfer to a different prison, so it is possible that Petitioner's current claims will become moot if he actually is transferred to some other prison. In short, the Court finds that it would be best to dismiss the present action –

without prejudice – and allow Petitioner to commence a new action when he actually is prepared to present his claims in accordance with the law.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 5), be **DENIED AS MOOT**;

2. Petitioner's "Motion for Stay and Abeyance," (Docket No. 14), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: May 5, 2014             s/ *Jeanne J. Graham*
                               JEANNE J. GRAHAM
                               United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 23, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.